```
                                                FILED
     UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TEXAS,          MAY 1 0 2001
          SAN ANTONIO DIVISION
                                           CLERK, U S. DISTRICT COURT
                                           WESTERN DISTRICT OF TEXAS
                                           BY _____
                                                      DEPUTY CLERK
```

| | | |
|---|---|---|
| EDWARD G. AVELAR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. SA-00-CA-0886-OG |
| | § | |
| QVC, SAN ANTONIO, INC., | § | |
|     Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH**

Plaintiff Edward Avelar brings this suit under the Family and Medical Leave Act (FMLA). He alleges that he received treatment for depression from a physician, and that his employer, defendant QVC, fired him on September 10, 1998 for having too many absences. Avelar has sued QVC seeking damages under the FMLA.

Avelar filed this motion seeking to quash a series of notices to take depositions by written questions that QVC directed to Avelar's four subsequent employers and five medical care providers. From the employers, QVC seeks essentially all employment records pertaining to Avelar including "payroll records, records pertaining to any retirement, pension, IRA, KOEGH, or any other type of investment plan, all records evidencing any planned raise or bonus to be received, all personal health records, including but not limited to any and all Workers' Compensation claims . . . ." QVC seeks every possible medical record pertaining to Avelar from the medical care providers, even including "correspondence from patient, attorneys, and other physicians . . . ." Avelar complains that none of these physicians were involved in his medical care in September 1998. He further asserts that QVC has inexplicably failed to request medical records from his September 1998 treating physician, Dr. Montemayor, a request he would not oppose.

Employers are liable under the FMLA for actual monetary losses sustained by the employee as a direct result of the violation if the employee was not denied or did not lose wages, salary, employment benefits, or other compensation. 29 U.S.C. § 2617(a)(1)(A)(i)(II). Actual monetary losses are limited to 12 weeks of the employee's wages or salary. Id. In addition to these damages, Avelar also seeks liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), pre- and post-judgment interest, attorney's fees, costs of court, declaratory and injunctive relief, reinstatement, and restoration of retirement benefits.

Citing no authority (other than to distinguish the cases Avelar relies upon), QVC responds simply that it is entitled to the records sought. It argues that "[a]ctions taken by Plaintiff in connection with his employment could directly impact his claims for damages in this case. This goes directly to determine what actual monetary losses Plaintiff suffered because of his termination." (Defendant's response at 2.) QVC does not elaborate on this ambiguous statement by addressing what "actions" it is talking about and how they impact Avelar's damages claims. Certainly, QVC is entitled to obtain discovery in support of its defense that Avelar failed to mitigate his damages. Avelar has offered to provide QVC with W-2 forms from his subsequent employers. QVC complains that it should not be limited to the proffered W-2 forms, but it is not apparent how its inquiry into such matters as Avelar's investment and retirement accounts, health records, and workers' compensation claims are necessary to prove failure to mitigate.

QVC also argues that the medical records are necessary "to determine what, if any, mental trauma can be attributed to Defendant's termination of Plaintiff . . . [and] "the extent of trauma for which Defendant may be responsible." (Defendant's response at 3, emphasis in

2

original.) Avelar does not seek, nor does the FMLA permit recovery of, any damages for medical expenses or for mental anguish. QVC is not "responsible" for Avelar's trauma, but only for the actual monetary loss (such items as wages, salary, and employment benefits), if any, Avelar can prove. Therefore, QVC's requested inquiry into Avelar's "mental trauma" will not lead to the discovery of relevant evidence. Nor does QVC address Avelar's assertion that it has failed to request the only relevant medical records — those from Dr. Montemayor.

Avelar's motion to quash is GRANTED, and the nine notices of intention to take depositions by written questions are QUASHED.

SIGNED and ENTERED this __8__ day of __May__, 2001.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE